IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

**DEBORAH BEAVERS AND**
**RONALD BEAVERS,**
    **Plaintiffs,**              CASE NUMBER: 05 9501
vs.                                    DIVISION:

**CITY OF TAMPA,**                     **DIVISION C**
**JOHN YARATCH, Individually**
**ROBERT SHEEHAN, Individually,**
    **Defendants.**
_____/

### PLAINTIFF'S FIRST COMPLAINT FOR DAMAGES AND DEMAND FOR A JURY TRIAL

COMES NOW, the Plaintiffs, DEBORAH BEAVERS and RONALD BEAVERS, by and through their undersigned attorneys, and hereby brings these causes of action against the Defendants, CITY OF TAMPA, JOHN YARATCH, Individually, ROBERT SHEEHAN, Individually, and in support thereof states:

OCT 25 2005

### JURISDICTION AND VENUE

1. This is an action for damages which exceed the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. At all times material hereto, all parties were residents of Hillsborough County, and the factual matters underlying this cause of action occurred in Hillsborough County.

### PARTIES

3. Plaintiff DEBORAH BEAVERS is and was at all times material hereto a resident of Tampa, Hillsborough County, Florida.

4. Plaintiff RONALD BEAVERS is and was at all times material hereto a resident of Tampa, Hillsborough County, Florida.

5. At all times material hereto the CITY OF TAMPA was a state agency or subdivision within the meaning of Florida Statutes, Section 768.28(2).

6. At all times material hereto, the Defendant CITY OF TAMPA operated, commanded and maintained a police force known as the City of Tampa Police Department, the offices of which are within Hillsborough County, Florida, and employed the following individuals for the relevant time period as members of the Major Crimes Bureau, Sex Crimes and Child Abuse Unit: JOHN YARATCH and ROBERT SHEEHAN.

## CONDITIONS PRECEDENT

7. On October 14, 2002, Plaintiff DEBORAH BEAVERS, furnished Defendant CITY OF TAMPA, together with the State Department of Insurance, a certified written notice of claim via certified mail, return receipt requested, pursuant to Florida Statutes, Section 768.28. The notice is attached and incorporated herein as Exhibit A.

8. Defendant denied this claim by failing to settle the claim despite acknowledging receipt of the same on November 6, 2002 and having been provided with a completed claim form on February 5, 2003. Plaintiff has complied with all conditions precedent to filing this claim as to DEBORAH BEAVERS including those set forth in Section 768.28, prior to filing this civil action.

9. On February 5, 2003, Plaintiff RONALD BEAVERS, furnished Defendant CITY OF TAMPA, together with the State Department of Insurance, a certified written notice of claim via certified mail, return receipt requested, pursuant to Florida Statutes, Section 768.28. The notice is attached and incorporated herein as Exhibit B.

10. Defendant denied this claim by failing to settle the claim despite having been provided with a completed claim form on November 26, 2003. Plaintiff has complied with all conditions precedent as to RONALD BEAVERS filing this claim including those set forth in Section 768.28, prior to

filing this civil action.

## FACTUAL ALLEGATIONS

11.     On October 14, 2001, Tampa Police began investigating Ronald Beavers, Jr. (DOB: July 17, 1979) when a juvenile who had been arrested for burglary made allegations of sexual abuse against Ronald Beavers, Jr. DEBORAH BEAVERS and RONALD BEAVERS are the parents of Ronald Beavers, Jr. At the time of his statement, the juvenile specifically stated to Tampa Police Officer K. Bayer in his interview that DEBORAH BEAVERS did not know about the molestations. Based on these revelations, the investigation was turned over to Defendants JOHN YARATCH and ROBERT SHEEHAN.

12.     On October 24, 2001, members of the Tampa Police Department including Defendant JOHN YARATCH and Defendant ROBERT SHEEHAN executed a search warrant and conducted an investigation at Plaintiffs' residence located at 3117 N. Adams Street, Tampa, Florida 33611 in Hillsborough County, Florida.

13.     On October 24, 2001, after the warrant was executed Defendant JOHN YARATCH arrested DEBORAH BEAVERS for contributing to the delinquency of a minor in violation of Florida Statutes, Section 827.04.

14.     Two days later on October 26, 2001, Defendant JOHN YARATCH again went to the Plaintiffs' home at which time he arrested both Plaintiffs for failure to report child abuse in violation of Florida Statutes, Section 39.205(2) and as an accessory after the fact to lewd and lascivious acts on a child in violation Florida Statutes, Section 800.04 (lewd and lascivious acts) and 777.01 (accessory after the fact).

15.     Florida Statutes, Section 777.03 (2001), does not permit a person standing in the relation of parent to be charged as an accessory after the fact to the crime of lewd and lascivious act on a child.

16. At the time of Plaintiffs' arrests, no juvenile victims of Ronald Beavers, Jr., had asserted that Plaintiffs had any knowledge of the sexual activities of Ronald Beavers, Jr. and furthermore subsequent statements taken during the litigation of the criminal charges against Ronald Beavers, Jr. failed to reveal any such knowledge on behalf of the Plaintiffs.

17. Defendants YARATCH and SHEEHAN had no probable cause or arguable probable cause to arrest Plaintiffs.

18. The Hillsborough County State Attorney's Office entered a "no-file" on December 26, 2001 as to all charges against Plaintiff RONALD BEAVERS. The letter of release is attached and incorporated herein as Exhibit C.

19. The Hillsborough County State Attorney's Office entered a "no-file" on January 14, 2002 as to all charges against Plaintiff DEBORAH BEAVERS stemming from her October 24, 2001 arrest. The Clerk of Court's minutes are attached and incorporated herein as Exhibit D.

20. The Misdemeanor County Court Division B granted a Motion to Dismiss on December 12, 2002 as to all charges against Plaintiff DEBORAH BEAVERS, stemming from her October 26, 2001 arrest. The notice of dismissal is attached and incorporated herein as Exhibit E.

## STATE CLAIMS

### COUNT I
### NEGLIGENCE AGAINST CITY OF TAMPA

21. Plaintiff re-alleges paragraphs 1-20 as if fully set forth herein.

22. Defendant JOHN YARATCH and Defendant ROBERT SHEEHAN did not have probable cause to believe that Plaintiffs had committed and the facts and circumstances known to Defendants were not sufficient to cause a reasonably cautious police officer to believe that Plaintiffs had committed criminal acts on October 24, 2001.

23. Defendant JOHN YARATCH and Defendant ROBERT SHEEHAN, negligently caused

Plaintiff to be taken into custody and/or arrested and restrained.

24. As a direct and proximate result of the acts of Defendant JOHN YARATCH and Defendant ROBERT SHEEHAN, Plaintiffs were arrested, detained, and confined against their will and suffered from or incurred injury to their reputation and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; legal fees, costs and expenses; cost of psychological treatment and other related expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiffs will continue to suffer the same in the future.

**WHEREFORE**, the Plaintiffs DEBORAH BEAVERS AND RONALD BEAVERS sue the Defendant CITY OF TAMPA, for compensatory damages, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

## COUNT II
## FALSE ARREST AGAINST DEFENDANT JOHN YARATCH

25. Plaintiffs re-allege paragraphs 1-20 as if fully set forth herein.

26. At all times material hereto, Defendant JOHN YARATCH acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

27. As a direct and proximate result of the intentional acts of Defendant JOHN YARATCH, Plaintiffs were arrested, detained, and confined against their will and suffered from or incurred injury to their reputations and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; aggravation of a previously existing disease or defect; legal fees, costs and expenses; cost of psychological treatment and other related expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The

foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiffs will continue to suffer the same in the future.

**WHEREFORE**, the Plaintiffs DEBORAH BEAVERS AND RONALD BEAVERS sue the Defendant JOHN YARATCH for compensatory and punitive damages, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

## COUNT III
### FALSE ARREST AGAINST ROBERT SHEEHAN

28. Plaintiff re-alleges paragraphs 1-20 and as if fully set forth herein.

29. At all times material hereto, Defendant ROBERT SHEEHAN acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

30. As a direct and proximate result of the intentional acts of Defendant ROBERT SHEEHAN, Plaintiff was arrested, detained, and confined against her will and suffered from or incurred injury to their reputations and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; legal fees, costs and expenses; cost of psychological treatment and other related expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiffs will continue to suffer the same in the future.

**WHEREFORE**, the Plaintiffs DEBORAH BEAVERS AND RONALD BEAVERS sue the Defendant ROBERT SHEEHAN for compensatory and punitive damages, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

## COUNT IV
## MALICIOUS PROSECUTION AGAINST DEFENDANT CITY OF TAMPA

31. Plaintiffs re-allege paragraphs 1-20 and as if fully set forth herein.

32. Defendant CITY OF TAMPA caused the commencement or continuation of the criminal justice proceedings against the Plaintiffs.

33. Defendant CITY OF TAMPA was the legal causation of the criminal justice proceedings against the Plaintiffs.

34. The criminal justice proceedings were terminated in favor of the Plaintiffs.

35. There was an absence of probable cause for the proceedings.

36. The actions of Defendant CITY OF TAMPA were done with legal malice.

37. As a direct and proximate result of the acts of Defendant CITY OF TAMPA, Plaintiffs were arrested, detained, and confined against their wills and suffered from or incurred injury to their reputations and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; legal fees, costs and expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiffs will continue to suffer the same in the future.

WHEREFORE, the Plaintiffs DEBORAH BEAVERS AND RONALD BEAVERS sue the Defendant CITY OF TAMPA for damages, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

## COUNT V
## MALICIOUS PROSECUTION AGAINST DEFENDANT JOHN YARATCH

38. Plaintiffs re-allege paragraphs 1-20 and as if fully set forth herein.

39. Defendant YARATCH caused the commencement of the criminal justice proceedings against

the Plaintiffs.

40. Defendant YARATCH was the legal causation of the criminal justice proceedings against the Plaintiffs.

41. The criminal justice proceedings were terminated in favor of the Plaintiffs.

42. There was an absence of probable cause for the proceedings.

43. The actions of Defendant YARATCH were done with legal malice.

44. As a direct and proximate result of the intentional acts of Defendant, JOHN YARATCH Plaintiffs were maliciously prosecuted, detained, and confined against their wills and suffered from or incurred injury to their reputations and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; legal fees, costs and expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiffs will continue to suffer the same in the future.

**WHEREFORE**, the Plaintiffs, DEBORAH BEAVERS AND RONALD BEAVERS, sue the Defendant JOHN YARATCH for compensatory and punitive damages, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

## COUNT VI
## MALICIOUS PROSECUTION AGAINST DEFENDANT ROBERT SHEEHAN

45. Plaintiffs re-allege paragraphs 1-20 and as if fully set forth herein.

46. Defendant SHEEHAN caused the commencement of the criminal justice proceedings against the Plaintiffs.

47. Defendant SHEEHAN was the legal causation of the criminal justice proceedings against the Plaintiffs.

48. The criminal justice proceedings were terminated in favor of the Plaintiffs.

49. There was an absence of probable cause for the proceedings.

50. The actions of Defendant SHEEHAN were done with legal malice.

51. As a direct and proximate result of the intentional acts of Defendant ROBERT SHEEHAN Plaintiffs were maliciously prosecuted, detained, and confined against their wills and suffered from or incurred injury to their reputations and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; legal fees, costs and expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiffs will continue to suffer the same in the future.

**WHEREFORE**, the Plaintiffs, DEBORAH BEAVERS AND RONALD BEAVERS, sue the Defendant ROBERT SHEEHAN for damages, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

## FEDERAL CLAIMS

52. This is an action brought pursuant to 42 U.S.C. § 1983 against Defendants JOHN YARATCH and ROBERT SHEEHAN for committing acts, under color of law, which deprived Plaintiffs of their constitutional rights secured by the Fourth Amendment of the United States Constitution. This Court has concurrent jurisdiction with the United States District Court, Middle District of Florida.

### COUNT VII
### SECTION 1983 AGAINST YARATCH FOR FALSE ARREST

53. Plaintiffs re-allege paragraphs 1-20 and 52 and as if fully set forth herein.

54. At all times material hereto, Defendant JOHN YARATCH acted in bad faith, with malicious

purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

55.   As a direct and proximate result of the intentional acts of Defendant JOHN YARATCH Plaintiffs were arrested, detained, and confined against their will and suffered from or incurred injury to her reputation and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; aggravation of a previously existing disease or defect; legal fees, costs and expenses; cost of psychological treatment and other related expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiffs will continue to suffer the same in the future.

**WHEREFORE**, the Plaintiffs, DEBORAH BEAVERS AND RONALD BEAVERS, sue the Defendant JOHN YARATCH for punitive and compensatory damages, attorneys' fees, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

## COUNT VIII
## SECTION 1983 FALSE ARREST AGAINST ROBERT SHEEHAN

56.   Plaintiffs re-alleges paragraphs 1-20 and 52 as if fully set forth herein.

57.   At all times material hereto, Defendant ROBERT SHEEHAN acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

58.   As a direct and proximate result of the intentional acts of Defendant ROBERT SHEEHAN Plaintiffs were arrested, detained, and confined against their wills and suffered from or incurred injury to their reputations and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; aggravation of a previously existing disease or defect; legal fees, costs and expenses; cost of psychological treatment and other related

expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiffs will continue to suffer the same in the future.

**WHEREFORE**, the Plaintiffs, DEBORAH BEAVERS AND RONALD BEAVERS, sue the Defendant ROBERT SHEEHAN for compensatory and punitive damages, attorneys' fees, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

### COUNT IX
### SECTION 1983 MALICIOUS PROSECUTION AGAINST DEFENDANT JOHN YARATCH

59. Plaintiffs re-allege paragraphs 1-20 and 52 as if fully set forth herein.

60. Defendant YARATCH caused the commencement of the criminal justice proceedings against the Plaintiffs.

61. Defendant YARATCH was the legal causation of the criminal justice proceedings against the Plaintiffs.

62. The criminal justice proceedings were terminated in favor of the Plaintiffs.

63. There was an absence of probable cause for the proceedings.

64. The actions of Defendant YARATCH were done with legal malice.

65. As a direct and proximate result of the intentional acts of Defendant JOHN YARATCH Plaintiffs were maliciously prosecuted, detained, and confined against their wills and suffered from or incurred injury to their reputations and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; legal fees, costs and expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries are either permanent or continuing in

nature and Plaintiffs will continue to suffer the same in the future.

**WHEREFORE**, the Plaintiffs, DEBORAH BEAVERS AND RONALD BEAVERS, sue the Defendant JOHN YARATCH for compensatory and punitive damages, attorneys' fees, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

### COUNT X
### SECTION 1983 MALICIOUS PROSECUTION AGAINST DEFENDANT ROBERT SHEEHAN

66.   Plaintiffs re-allege paragraphs 1-20 and 52 as if fully set forth herein.

67.   Defendant SHEEHAN caused the commencement of the criminal justice proceedings against the Plaintiffs.

68.   Defendant SHEEHAN was the legal causation of the criminal justice proceedings against the Plaintiffs.

69.   The criminal justice proceedings were terminated in favor of the Plaintiffs.

70.   There was an absence of probable cause for the proceedings.

71.   The actions of Defendant SHEEHAN were done with legal malice.

72.   As a direct and proximate result of the intentional acts of Defendant ROBERT SHEEHAN Plaintiffs were maliciously prosecuted, detained, and confined against their wills and suffered from or incurred injury to their reputations and health; shame, humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; creation of disease and defect; legal fees, costs and expenses; lost earnings and time; the loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiffs will continue to suffer the same in the future.

**WHEREFORE**, the Plaintiffs, DEBORAH BEAVERS AND RONALD BEAVERS, sue

the Defendant ROBERT SHEEHAN for damages, attorneys' fees, costs, and prejudgement and post judgement interest and demand a trial by jury of all issues so triable and such other relief as the Court deems warranted.

Dated this 25th day of October 2005.

                    **MICHAEL P. MADDUX, P.A.**

                    _/s/ Michael P. Maddux_

                    Michael P. Maddux, P.A.
                    Florida Bar Number: 964212
                    Seth R. Nelson
                    Florida Bar Number: 565768
                    Attorneys for Plaintiff
                    2102 West Cleveland Street
                    Tampa, Florida 33606
                    Phone: (813) 253-3363

mpm                Facsimile: (813) 253-2553